# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE V. WILLIAMS, SR., | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2110 |
| | : | |
| PHILA. DEPT OF PRISONS, *et al.*, | : | |
|     Defendants. | : | |

KEARNEY, J.                                                                                                                                                                        May 24, 2018

## MEMORANDUM

Andre V. Williams, Sr., currently incarcerated at the Cambria Correctional Center, *pro se* sues the "Phila. Dept of Prisons," the "Warden of the Detention Center," and "Corizon Health/Prison Medical" for civil rights violations under 42 U.S.C. § 1983. He also moves to proceed in *forma pauperis*. We grant Mr. Williams leave to proceed *in forma pauperis* but dismiss his Complaint with leave to amend in the accompanying Order.

## I. Alleged facts

On May 20, 2016, while incarcerated at the Detention Center in Philadelphia, Mr. Williams "slipped and fell down the steps due to the ceiling leaking and the steps being damaged" while "walking around the top tier to retrieve [his] breakfast."[1] Mr. Williams alleges the correctional officer on duty, C/O Johnson, "was reluctant to write a report and to send [him] to medical."[2] The officer subsequently sent Mr. Williams to medical for "a Motrin, a heating pack and put on the doctors list who [he] never [saw]."[3] He submitted a sick call form on May 21, 2016 and "again was told that [he'll] soon see the doctor."[4] Mr. Williams does not plead the involvement of any person other than C/O Johnson. Mr. Williams sues for lack of adequate medical care and now seeks "compensatory and/or punitive damages."[5]

## II. Analysis

We grant leave to proceed *in forma pauperis* because it appears Mr. Williams is not capable of paying the fees to commence this civil action.[6] We review the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), requiring us to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[7] We determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] As Mr. Williams is proceeding *pro se*, we construe his allegations liberally.[9]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[10] Mr. Williams does not allege a plausible claim for relief against a Defendant requiring we dismiss his claim under § 1915(e)(2)(B)(ii).

### A. We dismiss Mr. Williams' claims against the Philadelphia Department of Prisons.

Mr. Williams sues the Philadelphia Department of Prisons. The Philadelphia Department of Prisons is "not [a] legal entity but instead is a department of the City of Philadelphia".[11] It is not a person under § 1983.[12] We dismiss Mr. Williams' civil rights claims against the "Phila Dept of Prisons."

### B. We dismiss Mr. Williams' claims against the Warden.

Mr. Williams sues the Warden of the Detention Center but he does not allege conduct by the Warden. Absent direct involvement, we presume Mr. Williams is suing the Warden because of his supervisory role.

2

Mr. Williams does not state a claim against the Warden of the Detention Center. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[13] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."[14] First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[15] "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."[16]

Because Mr. Williams fails to mention the Warden in the body of his Complaint, he has not stated a basis for imposing liability against the Warden. We will dismiss the undefined claims against the Warden.

### C. We dismiss Mr. Williams' claims against Corizon Health/Prison Medical.

Mr. Williams' claims against "Corizon Health/Prison Medical" also fail. To the extent Mr. Williams is referring to Corizon Health, it may not be held liable under § 1983 unless its policies or customs violated Mr. Williams' rights.[17] Mr. Williams does not allege the existence of a policy or custom. To the extent he is referring to the medical department at the Detention Center, the Department is not a person subject to suit under § 1983.[18] We must also dismiss Mr. Williams' claims against "Corizon Health/Prison Medical".

## III. Conclusion

In the accompanying Order, we grant Mr. Williams leave to proceed *in forma pauperis*. We also dismiss his Complaint but grant him leave to file an amended complaint on or before **June 29, 2018** if he can cure the several pleading defects based on facts asserted in good faith.

---

[1] ECF Doc. No. 2.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] As a prisoner, Mr. Williams must pay the $350.00 filing fee in installments under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).
[7] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice."
[9] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).
[10] *West v. Atkins*, 487 U.S. 42, 48 (1988).
[11] *Burgos v. Phila. Prison System*, 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011).
[12] *Id.*
[13] *Iqbal*, 556 U.S. at 676.
[14] *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).
[15] *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).
[16] *Id.*
[17] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).
[18] *See Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (concluding that the prison medical department was not a person for purposes of § 1983).