IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE V. WILLIAMS, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-2110 |
| | : | |
| PHILA. DEPT OF PRISONS, *et al.*, | : | |
| Defendants. | : | |

KEARNEY, J. June 28, 2018

### MEMORANDUM

A prisoner suffering injuries after slipping and falling on a wet floor must identify the persons he wishes to sue for perceived civil rights violations. In his Amended Complaint[1], Andre V. Williams, Sr. sues C/O Johnson, C/O John Doe, Director of Medical John Doe, and Correction Officer/Unit Manager Sgt. John Doe. Mr. Williams does not plead who did what. We cannot guess as to an individual's potential liability for civil rights violations. Mr. Williams needs to plead the conduct of each responsible person. We will dismiss the Amended Complaint but grant one last leave for Mr. Williams to amend to see if he can plead the conduct of each responsible person.

### I. Facts

Mr. Williams alleges correctional officers at the Philadelphia Detention Center directed him "to walk around the top tier to retrieve [his] tray."[2] He claims the floor of the tier "was wet from the ceiling leaking due to rain."[3] Mr. Williams slipped and fell.[4] He alleges "[t]he unit managers/supervisors had knowledge of such conditions through routine inspections and made no changes."[5] Mr. Williams suffered "neck and back injuries that were only treated with Motrin and heating packs while incarcerated."[6] After release, he "was treated in the emergency room at

Presbyterian Hospital with x-rays, a neck brace, powerful medications, physical therapy, [and referrals] to specialists."[7] Mr. Williams seeks $30,000 to $45,000 for pain and suffering.[8]

## II. Analysis

As we previously granted Mr. Williams leave to proceed *in forma pauperis*, his Amended Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires we dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),[9] we may determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] "[M]ere conclusory statements do not suffice."[11] As Mr. Williams is proceeding *pro se*, we construe his allegations liberally.[12]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[13] As discussed below, Mr. Williams does not allege a plausible claim for relief against any of the named Defendants.

Mr. Williams sues C/O Johnson, C/O John Doe, Director of Medical John Doe, and Correction Officer/Unit Manager Sgt. John Doe, but he fails to refer to any of them specifically in the body of his Amended Complaint. Although it is appropriate for Mr. Williams to identify defendants as "John Doe" or "Jane Doe" if he does not know their names, he is still required to explain how each person he wants to sue is personally involved in violating his civil rights, whether due to the prison official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated Mr. Williams's rights.[14] While Mr. Williams references to "correctional officers" and "unit managers/supervisors" in the body of his

2

Amended Complaint, his allegations are insufficient to state a claim. He needs to refer to the specific individual engaged in specific conduct.[15] As we anticipate he can do so, we will grant him leave to change these defects through a second amended complaint.

## III. Conclusion

We dismiss Mr. Williams's Amended Complaint in the accompanying Order without prejudice to Mr. Williams's right to timely file a second amended complaint, if he can cure the defects.

---

[1] Andre V. Williams, Sr. filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 against the "Phila. Dept of Prisons," the "Warden of the Detention Center," and "Corizon Health/Prison Medical." He also moved to proceed *in forma pauperis*. On May 24, 2018, we granted Mr. Williams leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. ECF Doc. Nos. 5, 6. We found (1) Mr. Williams could not maintain a claim against the Philadelphia Department of Prisons because it is neither a legal entity nor a person under § 1983; (2) he failed to plead a basis for imposing liability against the Warden as he failed to mention the Warden in the body of his Complaint; (3) he had not alleged a custom or policy of Corizon Health violated his rights; and, (4) to the extent he refers to the medical department at the Detention Center, the medical department is not a "person" subject to suit under § 1983. ECF Doc. No. 5.

[2] ECF Doc. No 7 at 5.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[11] *Id.*

3

---

[12] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[13] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[14] *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

[15] *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).