# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE V. WILLIAMS, SR. : CIVIL ACTION
     Plaintiff,                                 :
          v.                                    :  NO. 18-2110
                                                :
C/O JOHNSON, WARDEN CLARK,   :
C/O JOHN DOE, NURSE JANE DOE, :
DR. JANE/JOHN DOE, UNIT             :
MANAGERS SGTS JOHN AND/OR :
JANE DOE                                      :
     Defendants.                             :

## MEMORANDUM

**KEARNEY, J.**                                                                                              **October 29, 2018**

Incarcerated citizen Andre V. Williams, Sr. alleges he suffered injuries after slipping and falling down wet stairs in a prison because of a leaky ceiling. Mr. Williams has twice sued[1] regarding the incident, and both times we dismissed his suits because they did not state claims for relief. Mr. Williams now brings his Second Amended Complaint *pro se*, alleging Eighth Amendment violations against Warden Clark; Drs. Jane and/or John Doe; nurse Jane Doe; corrections officers "Johnson" and John Doe; and, unit managing supervisors Jane and/or John Does. Warden Clark now moves to dismiss for failure to state a claim, arguing Mr. Williams did not plead Warden Clark's personal involvement in Mr. Williams's injury. We agree with Warden Clark, and dismiss Mr. Williams's third attempt at stating a claim against Warden Clark with prejudice.

## I. Alleged facts.

On May 21, 2016, during Mr. Williams's incarceration at the Philadelphia Detention Center, Corrections Officers Johnson and John Doe ordered Mr. Williams to walk in a certain direction to receive his breakfast tray.[2] As he walked, Mr. Williams "accidentally slipped and

fell down a flight of cement steps," an accident he blames on "the ceiling leaking, no wet floor signs being displayed, and the [damaged] steps."[3] Mr. Williams claims the ceiling above the steps had been leaking for years, and the unit managers had known about the steps' condition.[4] Mr. Williams alleges he requested to go to medical, but Officer Johnson denied the request because "she didn't feel like doing any paperwork."[5] Mr. Williams became "adamant" in his requests when his pain increased hours later, and Officer Johnson sent him to medical.[6]

Nurse Jane Doe saw Mr. Williams, where Mr. Williams claims Nurse Doe "prevented [him] from seeing the doctor on duty to be assessed."[7] Nurse Doe prescribed Mr. Williams a heating pack and Motrin.[8] Mr. Williams claims he then "explained to her what had happened to [him]," and Nurse Doe told Mr. Williams he had an "emergency appointment" to see the doctor.[9] It appears Mr. Williams did not see a doctor because he claimed he filed a grievance "days after not seeing the doctor."[10] Mr. Williams claims he suffered neck, shoulder, head, and back injuries from his fall.[11]

Mr. Williams sues for damages under 42 U.S.C. § 1983.[12] Mr. Williams only mentions Warden Clark once, at the end of his "Claims" section. Mr. Williams wrote, "The Warden overall for his supervisory role and not implementing a safe healthy enviro[n]ment, program, and not enforcing emergency medical care."[13]

## II. Analysis

Because Mr. Williams is proceeding *in forma pauperis*, we must dismiss his claim under § 1915(e)(2)(B)(ii) if it fails to state a claim on which relief can be granted.[14] We evaluate whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) by the same standard we apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[15] We must determine whether the Second Amended Complaint contains "sufficient factual matter, accepted

2

as true, to state a claim that is plausible on its face."[16] "[M]ere conclusory statements do not suffice."[17] As Mr. Williams is proceeding *pro se*, we construe his allegations liberally.[18]

Mr. Williams fails to state a claim against Warden Clark. "A defendant in a civil rights action must have personal involvement in the alleged wrongs."[19] "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[20] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."[21] First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[22] "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."[23]

Mr. Williams fails to allege Warden Clark's personal involvement in his suit. Mr. Williams's only mention of Warden Clark comes in the last sentence of his form complaint, where he writes, "The Warden overall for his supervisory role and not implementing a safe healthy enviro[n]ment, program, and not enforcing emergency medical care." This claim alleges neither of the two ways in which a supervisor-defendant may be liable for subordinates' actions—Mr. Williams does not allege Warden Clark showed "deliberate indifference" to the consequences of a policy, nor does Mr. Williams allege Warden Clark "participated" in a violation of his rights. Instead, Mr. Williams sues Warden Clark for his "supervisory role," precisely the type of suit *Rode* bars. We dismiss Mr. Williams's claims against Warden Clark in the Second Amended Complaint with prejudice.

3

**III. Conclusion**

Mr. Williams fails to allege Warden Clark's personal involvement in his injury. We dismiss Mr. Williams's claims against Warden Clark with prejudice in the accompanying Order.

---

[1] On May 18, 2018, Mr. Williams filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 against the "Phila. Dept of Prisons," the "Warden of the Detention Center," and "Corizon Health/Prison Medical." ECF Doc. No. 2. He also moved to proceed *in forma pauperis*. EFC Doc. No. 1. On May 24, 2018, we granted Mr. Williams leave to proceed *in forma pauperis* and dismissed his Complaint for failure to state a claim with leave to amend. ECF Doc. Nos. 5, 6. Mr. Williams filed his Amended Complaint on June 27, 2018. ECF Doc. No. 7. On June 28, 2018, we dismissed the Amended Complaint for failure to state a claim because Mr. Williams did not "explain how each person he want[ed] to sue [was] personally involved in violating his civil rights." ECF Doc. No. 8, at p. 2. We granted Mr. Williams leave to amend for the final time. *Id.*, at p. 1.

[2] ECF Doc. No. 10 at pp. 6, 8.

[3] *Id.* at p. 6.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] ECF Doc. No. 10 at p. 7.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at p. 8.

[12] ECF Doc. No. 10.

[13] *Id.* at p. 7.

[14] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[15] *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Id.*

[18] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[19] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[20] *Ashcroft*, 556 U.S. at 676.

[21] *Barkes v. First Corr. Med, Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

[22] *Id.* (quoting *A.M ex rel. JMK. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

[23] *Id.*